FILED
CLERK, U.S. DISTRICT COURT
NOV 30 2012
CENTRAL DISTRICT OF CALIFORNIA
BY  AF  DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA HUBBARD,<br><br>    Petitioner,<br><br>    vs.<br><br>AMY MILLER, Warden,<br><br>    Respondent. | Case No. CV 12-9914 ABC (MRW)<br><br>[PROPOSED] ORDER DISMISSING ACTION |

    The Court vacates the reference of this action to the Magistrate Judge and dismisses Petitioner's defective state habeas action.

    Nakia Hubbard is an inmate at Centinela State Prison. Mr. Hubbard filed a request for equitable tolling of the federal habeas statute of limitations. He has not submitted a habeas petition with the Court, though, and does not have an active case on file in this district. Indeed, his filing is apparently an attempt to extend the deadline in which to file a future habeas corpus petition to challenge his state court criminal conviction. This procedure is not workable, though, so his action must be dismissed without prejudice.

                                \* \* \*

1  According to the motion, Mr. Hubbard's criminal conviction was affirmed
2 by the California Supreme Court in late 2011. However, according to a letter from
3 Mr. Hubbard's former lawyer (attached to the motion), the lawyer neglected to tell
4 Mr. Hubbard about the court's decision until November 2012. It is not clear what
5 his crimes of conviction were or what constitutional error he wishes to assert on
6 habeas review in this Court. Other than the present motion, Mr. Hubbard filed no
7 other materials with the Court in connection with his case.
8  Notably, Mr. Hubbard has not filed an actual habeas petition with the Court.
9 In this way, he has failed to comply with the Rules Governing Section 2254 Cases
10 in the United States District Courts. Rule 2(d) expressly requires that a state
11 prisoner commence a habeas action by using a standard form prepared by the
12 court. In our district, prisoners must complete Form CV-69. That form provides
13 the Court with basic information about the petitioner, his conviction, the prior
14 status of his case in state and federal court, and, most importantly, the federal
15 constitutional claims he wishes to pursue in federal court.
16  Mr. Hubbard has not provided the Court with any of this crucial
17 information. The Court does not know the crime or crimes for which he was
18 convicted, the issues he raised on appeal, or why he believes that his conviction
19 violated the U.S. Constitution. As a result, the Court cannot grant any form of a
20 stay or future extension of time.
21  * * *
22  A state prisoner must begin his case by filing a petition for a writ of habeas
23 corpus. Mr. Hubbard's request for equitable tolling of his federal limitations
24 period in advance of the filing of a habeas petition is simply inadequate and
25 premature. If his federal filing comes after the statutory deadline for bringing such
26 an action, Mr. Hubbard may be entitled at a later time to request equitable tolling
27 of the statutory deadline based on his attorney's alleged misconduct.
28

Therefore, this action is hereby DISMISSED without prejudice. For Mr. Hubbard's convenience, the Clerk is directed to send him a blank Form CV-69 with a copy of this Order.

IT IS SO ORDERED.

DATED: 11/30, 2012

*AB Collins*

HON. AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE